# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **VICKIE SELEY AND REBECCA WHITEHEAD,** | § § § | Civil Action No. _____ |
| *Plaintiffs,* | § § | |
| | § | **COLLECTIVE ACTION** |
| *v.* | § § | |
| **RAB, INC. AND LEE WADDELL,** | § § § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Vickie Seley ("Seley") and Rebecca Whitehead ("Whitehead"), individually and on behalf of all others similarly situated, by their attorney Leiza Dolghih, allege, upon personal knowledge as to themselves and upon information and belief as to the other matters, as follows:

### I.   SUMMARY

1. Rab, Inc. ("Rab") is a collection agency in Addison, Texas.

2. Lee Waddell ("Waddell") is the owner and the president of Rab.

3. Rab employed in the past and is currently employing collection agents who are tasked with collecting debts on behalf of Rab's clients.

4. All employees, including Seley and Whitehead, who worked in Rab's office, subject to its control, are subject to the protections of the federal Fair Labor Standards Act ("FLSA")

5. Plaintiffs Seley and Waddell bring this action on behalf of themselves and similarly situated current and former employees of the Defendants who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically, its collective action provision, 29 U.S.C. § 216(b), for unpaid overtime wages.

## II.     THE PARTIES

6. Plaintiffs are natural persons and are currently residing in Dallas, Texas. They have a standing to bring this lawsuit.

7. Defendant RAB, Inc. is a Texas corporation, that may be served by serving its registered agent Lee Waddell at 3310 Keller Springs Road, Suite 120 Carrollton, Texas 75006 or its President, Lee Waddell.

8. Defendant Lee Waddell is a resident of Carrolton, Texas and may be served at 4450 Sojourn Dr, Suite 300, Addison, TX 75001, or wherever he may be found.

## III.     JURISDICTION

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1337 and 1343 in that this is a civil action arising under the FLSA. This court has supplemental jurisdiction over plaintiffs related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a) because they arise out of the same case or controversy.

10. Plaintiffs state law claims are so closely related to their claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution

11. This Court also has jurisdiction over Plaintiffs FLSA claims pursuant to 29 U.S.C. § 216(b).

12. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## IV.     VENUE

13. Venue is proper in this District under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District. Further, the exercise of personal jurisdiction comports with Due Process under the United States Constitution.

## V. FACTS

14. Seley worked for Rab and Waddell at 3310 Keller Springs Road, Suite 120, Carrolton, Texas USA 75006. She worked for Rab remotely from March, 18, 2020 through her termination.

15. Seley typically worked approximately five days per week, and 55 hours a week for the Defendants' benefit.

16. Seley was not paid overtime for all of the hours she worked over 40 in a workweek during the course of her employment with the Defendants.

17. Whitehead worked for Rab and Waddell at 3310 Keller Springs Road, Suite 120, Carrolton, Texas USA 75006 from approximately March 2, 2021 through March 3, 2023.

18. Whitehead typically worked approximately five days per week, and 50 to 55 hours a week for the Defendants' benefit.

19. Whitehead was not paid overtime for all of the hours she worked over 40 in a workweek during the course of her employment with the Defendants.

20. Seley and Whitehead worked these hours pursuant to the Defendants policy or practice of encouraging them and other employees to work full-time schedules, including overtime.

21. Seley and Whitehead are covered employees within the meaning of the FLSA.

22. Seley and Whitehead have filed written consents to join this action.

23. Rab is a covered employer as defined by the FLSA.

24. Defendants employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

25. Defendants had substantial control over the working conditions of Plaintiffs and

similarly situated workers, and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

26. Defendants controlled Plaintiffs and similarly situated employees' terms and conditions of employment by determining their compensation, work hours, and work responsibilities.

27. On information and belief, Defendants annual gross volume of sales made or business done is not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs bring the first Cause of Action, FLSA overtime claim, on behalf of themselves and all similarly situated persons who work or have worked as employees for Defendants between December 1, 2020, and the date of final judgment, who did not receive overtime for all hours worked over 40 in a workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

29. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

30. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. Willfully failing to pay Plaintiffs and the FLSA Collective overtime for hours that they worked in excess of 40 hours per workweek;

    b. Willfully failing to record all of the time that Plaintiffs and the FLSA

    Collective have worked for the benefit of Defendants; and

  c.  Willfully and inaccurately describing hours worked on Plaintiffs earning statements or paycheck stubs.

31. Defendants are aware or should have been aware that federal and state law required it to pay Plaintiffs and the FLSA Collective an overtime premium for hours worked in excess of 40 per workweek.

32. Defendants' conduct has been widespread, repeated, and consistent.

33. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the members of the FLSA Collective.

34. Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid by Defendants in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendants, are readily identifiable, and can be located through Defendants records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## COLLECTIVE FACTUAL ALLEGATIONS

35. Plaintiffs and the members of the FLSA Collective (collectively, "Class Members") have been victims of a common policy and plan perpetrated by Defendants Rab and Waddell that has violated their rights under the FLSA and by denying them wages they are owed.

36. Employees who worked for the Defendants received statement of earnings for each pay period worked. Under the earnings section of the statement, the Defendants would describe several categories of hours including "regular," and "OT". The *OT* hours category

reflected overtime hours, but the dollars category included had no compensation associated with overtime hours. Furthermore, regardless of the overtime hours reflected in the overtime column, the earning statements always reflect even lump sum payments.

37. For example, for the pay period from 1/26/23 – 2/9/23, Whitehead's earning statement showed 12 hours of overtime, but she was paid $2000:

| FEIN: 62-0963012 | | | | | | |
|---|---|---|---|---|---|---|
| Pay Period | 01/26/2023 - 02/09/2023 | | FITWH | Filing Status: S | | |
| Pay Date | 02/15/2023 | | TX | | | |
| **Earnings** | RATE | HOUR/UNIT | | CURRENT | YTD HOUR/UNIT | YTD |
| OT | | 12.0167 | | | 17.3334 | |
| Hol | | | | | 8.50 | |
| Regular | | 88.80 | | 2,000.00 | 257.9167 | 6,000.00 |
| Bonus | | | | | | 4,000.00 |
| PTO | | | | | 4.9297 | |
| **Total** | | 100.8167 | | $2,000.00 | 288.6798 | $10,000.00 |
| **Total Hours Worked** | | 100.8167 | | | 275.2501 | |

38. Similarly, for the pay period from 2/10/23 through 2/24/23, Whitehead allegedly worked 7.8 overtime hours, but received the same $2000 as the previous months.

| FEIN: 62-0963012 | | | | | | |
|---|---|---|---|---|---|---|
| Pay Period | 02/10/2023 - 02/24/2023 | | FITWH | Filing Status: S | | |
| Pay Date | 03/01/2023 | | TX | | | |
| **Earnings** | RATE | HOUR/UNIT | | CURRENT | YTD HOUR/UNIT | YTD |
| OT | | 7.8167 | | | 25.1501 | |
| Hol | | | | | 8.50 | |
| Regular | | 72.5667 | | 2,000.00 | 330.4834 | 8,000.00 |
| Bonus | | | | | | 8,000.00 |
| PTO | | 9.99 | | | 14.9197 | |
| **Total** | | 90.3734 | | $2,000.00 | 379.0532 | $16,000.00 |
| **Total Hours Worked** | | 80.3834 | | | 355.6335 | |

39. Not only were Defendants not paying Plaintiffs for the overtime hours reflected in their earning statements, but they instructed and coerced at least one managerial employee into manipulating the time records to eliminate overtime. This manager did this regularly for each of the weeks from December 1, 2020 through the end of his employment, when another manager who replaced him was instructed by Defendants to continue to falsify employees' time records.

40. Thus, the Defendants miscategorized overtime hours on the employees

earning statement in an effort to conceal the true category of the type of hours worked by the employee. They also failed to display the true number of hours worked in excess of 40 hours during a pay period. The Defendants intentionally failed to pay the employees for the "OT" hours are the overtime rate as required by the FLSA.

41. On information and belief, the Defendants have the same or similar policy or practice in place as it relates to the earning statements of all other employees that have been employed with the Defendants for the past three years.

42. On information and belief, the Defendants are willing attempting to circumvent the federal overtime requirements to avoid paying their employees overtime wages as required by law.

43. On information and belief, the other employees are affected by the Defendants pattern, practice and policy of mis-categorizing hours and failing to pay overtime wages. These other employees are similarly situated to Seley and Whitehead in that they worked for the Defendants at Rab as collection agents.

## COUNT ONE
## Fair Labor Standards Act – Unpaid Overtime
### (Brought on behalf of Plaintiffs and the FLSA Collective)

44. Plaintiffs repeat and reallege paragraphs 1 through 47 hereof, as if fully set forth herein.

45. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., and the supporting federal regulations, apply to Defendants Rab and Waddell and protect Plaintiffs and the FLSA Collective.

46. Rab and Waddell have failed to pay Plaintiffs and the FLSA Collective overtime for hours that they worked in excess of 40 hours in a workweek.

47. As a result of Rab and Waddell's unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

48. Rab and Waddell have engaged in a widespread policy, pattern, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

49. At all times relevant, Plaintiffs and the FLSA Collective were engaged in commerce and/or production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

50. At all times relevant, Plaintiffs and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

51. At all times relevant, Defendants have been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

52. Defendants were required to pay Plaintiffs and the FLSA Collective the applicable overtime wage for all work performed from January 1, 2017, to the present.

53. As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

54. Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

55. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## COUNT TWO

## QUANTUM MERUIT

### (Brought on behalf of Plaintiffs and the Collective Class)

56. Plaintiffs repeat and realleges paragraphs 1 through 56 hereof, as if fully set forth herein.

57. In the alternative, Plaintiffs seek to recover in quantum meruit for the goods or services provided to Defendants.

58. Defendants have not paid Plaintiffs reasonable value of the goods or services provided by the Plaintiffs. Defendants accepted the services provided by the Plaintiffs.

59. Defendants had reasonable notice that Plaintiffs expected compensation for the services provided in accordance with the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

(a) That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issues such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action

has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime for all hours worked over 40 in a workweek;

(b) Overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, et seq., and the supporting United States Department of Labor regulations;

(c) Designation of Plaintiffs as Collective/Class Representatives and counsel of record as Collective/Class Counsel;

(d) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

(e) An injunction requiring Rab and Waddell to pay all statutory required wages pursuant to the FLSA;

(f) Pre- and post-judgment interest;

(g) Attorneys' fees and costs of this action;

(h) A reasonable incentive award for the lead Plaintiffs to compensate them for the time they spent attempting to recover wages for Class Members and for the risks they took in doing so; and

(i) Such other relief as this Court shall deem just and proper.

By: _____
Elisaveta Dolghih
State Bar No: 24043355
DOLGHIH LAW GROUP PLLC
2626 Cole Ave., Suite 300
Dallas, TX 75204
leiza@dlg-legal.com